[L. A. No. 10221. In Bank.—October 20, 1930.]

FRANK SCHLITZ, Respondent, v. C. S. AKERS et al., Appellants.

Oliver O. Clark, James F. McBryde and Engene J. Wix for Appellants.

W. W. Kaye and Siemon & Garber for Respondent.

WASTE, C. J.—Action brought by plaintiff to recover the sum of $7,550 alleged to be due from defendants under the terms of a written contract for the drilling of oil-wells. Defendants defended on the ground that plaintiff did not substantially perform his part of the contract, and that therefore no recovery could be had. Plaintiff's excuse for the alleged nonperformance is that defendants first breached the contract. The case was tried before the court without a jury, resulting in a judgment in plaintiff's favor in the sum of $7,200. From this judgment defendants prosecute this appeal.

The contract involved herein provides, among other things, that plaintiff agreed to drill four oil-wells for defendants, keeping his two portable drilling rigs in continuous operation until each well is drilled to a depth of 500 feet, and if necessary and feasible to a greater depth; that plaintiff is to furnish all labor, fuel, water, tools and equipment, except that defendants agree to furnish "all casing, also cement and all tools and materials whatsoever required in cementing off water"; that the compensation of plaintiff for such services shall be at the rate of $3 per foot for the first 600 feet, seventy-five per cent of which shall be paid at the completion of each 100 feet of drilling, the balance upon completion; that in the event [and this is an important feature of the contract] "rock is encountered in drilling any of said wells," plaintiff agrees to drill one foot through the same without extra compensation, but beyond

that defendants agree to pay $75 per day for each day of nine hours required in drilling through "all rock formations"; that if plaintiff finds that it is not feasible to drill through rock formations, he may abandon the well and drill another, plaintiff to receive compensation for the abandoned well on the scale set forth above; that defendants agree to pay to plaintiff $25 per day for each day of nine hours lost by plaintiff on account of failure of defendants to supply casing or other materials; that defendants agree to deposit with the First National Bank of Delano the sum of $3,000 as a cash bond to insure payment of all sums due plaintiff, the bank to make payments from said sum to plaintiff upon presentation of a certificate showing the sum to be due; that when such deposit is reduced to $1,000 defendants agree to deposit a further sum of $2,000 for the same purpose, and to continue such deposits so that at all times there shall be on hand a sum sufficient to meet all plaintiff's demands under the contract.

It is stipulated by defendants that they furnished no casing, and at no time made the bank deposits as required by the contract. It is further agreed that plaintiff has been paid the sum of $1550. The principal findings of the court may be summarized as follows:

1. Plaintiff started performance and kept in continuous operation his two drilling rigs from November 30, 1923, to February 1, 1924.

2. That in drilling the wells plaintiff encountered rock formation and consumed 56 days of nine hours each with each rig in drilling through the same.

3. That on or about February 1st casing became necessary to further carry on operations, but defendants failed and neglected to furnish the same, and as a result thereof plaintiff lost 14 days with one rig on account of such delay.

4. That defendants failed, neglected and refused to deposit in bank the sums required by the contract; that it was understood and agreed that such deposit was to enable plaintiff to pay the actual cost of doing the work during the progress thereof; that the compliance with this provision was a condition precedent to performance by plaintiff.

5. That on or about February 15, 1924, by reason of the failure and neglect of defendants to furnish the casing and

to deposit the money in the bank, the plaintiff elected to treat the contract as broken by defendants.

6. That plaintiff became entitled to $8,400 for drilling through rock formation for 56 days at $75 per day for each rig, and to $350 for the 14 days delay at $25 per day caused by defendants' failure to supply the casing; that $1550 having been paid, there remains due, owing and unpaid the sum of $7,200.

7. That the alleged defenses of defendants are not true.

On this appeal defendants strenuously contend that the evidence shows that plaintiff drilled the greater portion of the time through shale, and that the terms ''rock'' and ''rock formations'' do not include shale. To support this contention defendants produced a petroleum engineer who testified that technically the term ''rock'' includes ''shale or stone,'' but in ''oil field parlance'' the term refers ''to hard formations, usually in large bodies, as, for instance, granite''; and, further, that ''shale is not considered rock by oil people.'' The trial court interpreted the term used in the contract in its general sense, and refused to interpret it in the limited fashion suggested by the expert. We agree with the interpretation of the trial court. In Webster's New International Dictionary the term ''shale'' is defined as ''a rock formed by the consolidation of clay, mud or silt, having a finely stratified or laminated structure.'' Clearly, then, as the term ''rock'' is generally used it includes shale. Defendants refer to section 1645 of the Civil Code, which provides that ''Technical words are to be interpreted as usually understood by persons in the profession or business to which they relate, unless clearly used in a different sense,'' and contend that the term is a technical one and therefore should be limited according to oil-field usage. There is nothing in the contract nor in the evidence to show that the term was intended to be so limited; in fact, the inferences to be gathered from the evidence all tend to show that the term was intended in its general or popular sense. The evidence is uncontradicted that the plaintiff was unfamiliar with the territory where the wells were drilled; that defendants knew that plaintiff was not experienced in oil-well drilling, having heretofore engaged only in the drilling of water wells; that the territory with which he was familiar contained little or no shale; that

defendants represented that the soil formation where the oil-wells were to be drilled was similar to that with which plaintiff was familiar and where there was little shale. Moreover, the contract uses, in addition to the word "rock," the term "rock formations," and clearly the latter, if not the former, includes shale. Under the circumstances, the general and popular meaning of the term was reasonably intended.

Defendants likewise contend that there is no evidence to support the finding that plaintiff drilled 56 days of nine hours with each rig through rock. Defendants, by mathematical formula, attempt to discredit the finding. Plaintiff's drilling superintendent, among others, testified fully to the work done on the four wells. The evidence on the point seems to be quite complete, and amply supports the finding. In this connection, it should be noted that the trial court made no allowance whatsoever for the time spent in drilling through soil for which plaintiff was to be paid $3 per foot.

Appellants contend that under the contract they were only to supply casing when needed for a water shut-off. The quoted part of the contract, *supra*, provides otherwise. They also contend that plaintiff made no demand upon them for the casing, and that a demand was necessary to place them in default. We do not so interpret the contract. Under its terms, the furnishing of the casing was a condition precedent to respondent's performance. However, even if a demand were necessary, it would avail appellants but little, for the reason that they clearly breached the contract by failing to make the money deposit required by the contract.

The evidence is also sufficient to support the finding that the 14 days' delay which occurred was due to appellants' failure to supply casing.

For the foregoing reasons the judgment appealed from is hereby affirmed.

Curtis, J., Langdon, J., Preston, J., Shenk, J., Richards, J., and Seawell, J., concurred.